IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KRISTINA COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO. 1:19-cv-476 |
| | ) |
| CROSSMARK, INC., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR DAMAGES

Plaintiff, Kristina Cooper, for her Complaint against Defendant, Crossmark, Inc. ("Crossmark"), states the following:

### I. Parties

1. Plaintiff is a resident of Peru, Indiana.

2. Defendant, Crossmark, is a business

### II. Jurisdiction and Venue

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the FLSA.

5. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

6. Venue in the Northern District of Indiana, Fort Wayne Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

7. Plaintiff began working for Defendant on October 8, 2018.

8. Plaintiff was an hourly employee of Defendant.

9. Defendant paid Plaintiff $15.00 per hour.

10. Defendant paid Plaintiff on a weekly basis.

11. Plaintiff worked regular hours in a week for which she was not paid.

12. Plaintiff worked over 40 hours in a week for Defendant.

13. Plaintiff worked overtime hours in a week for which she was not paid.

14. Plaintiff complained to management about not being paid for all hours worked including overtime hours.

15. Plaintiff's last day working in her stores was May 15, 2019.

16. Plaintiff worked additional hours between May 16, 2019 and May 27, 2019 for which she has not been paid by Defendant.

17. Defendant terminated Plaintiff on May 27, 2019.

18. Defendant terminated Plaintiff in retaliation for her complaints about not paid being paid all hours worked including overtime hours.

19. Counsel for Plaintiff has requested that the Indiana Attorney General's Office refer the wage claims of Plaintiff to his office in conjunction with the Indiana Department of Labor.

### III.  Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

20. Plaintiff incorporates paragraphs 1 through 19 by reference herein.

21. Plaintiff was an employee of Defendant pursuant to the FLSA.

22. Plaintiff's work for Defendant involved interstate commerce.

23. Defendant is an employer pursuant to the FLSA.

24. Defendant had gross revenues of at least $500,000.00 for the 2017 calendar year.

25. Defendant had gross revenues of a least $500,000.00 for the 2018 calendar year.

26. Defendant willfully failed to properly pay all overtime hours worked by Plaintiff.

27. Defendant willfully failed to properly pay all overtime wages in a timely fashion.

28. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
### Retaliatory Termination
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

29. Plaintiff incorporates paragraphs 1 through 28 by reference herein.

30. Plaintiff worked overtime hours which Defendant has refused to pay.

31. Plaintiff complained to Defendant about not being paid for all overtime hours worked.

32. Defendant terminated Plaintiff in retaliation for complaining about not being paid overtime hours correctly.

33. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Failure to Pay Wages
### Pursuant to the Wage Claims Statute, Ind Code §22-2-9 *et. seq.*

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff was an employee of Defendant pursuant to the Wage Claims Statute.

36. Defendant is an employer pursuant to the Wage Claims Statute.

37. Plaintiff earned vacation time while working for Defendant.

38. Plaintiff had earned vacation time at the time of her termination.

39. Defendant failed to Plaintiff her earned, vacation following her separation of employment.

40. Defendant failed to pay Plaintiff her all hours worked during her employment.

41. Defendant had no good faith reason for paying Plaintiff his all of his wages.

42. Defendant's violations of the Wage Claims Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

        Respectfully submitted,

        WELDY LAW

        /s/Ronald E. Weldy
        Ronald E. Weldy, #22571-49

### IV.     Jury Demand

43.     Plaintiff incorporates paragraphs 1 through 39 by reference herein.

44.     Plaintiff demands a trial by jury.

        Respectfully submitted,

        WELDY LAW

        /s/Ronald E. Weldy
        Ronald E. Weldy, #22571-49
        Counsel for Plaintiff,
        Kristina Cooper

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com